**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT JOHN RUCKER, SR.,
D.O.C. # 167358,**

    **Plaintiff,**

vs.                                    **CASE NO. 4:15cv469-RH/CAS**

**REGIONAL DIRECTOR OF CORIZON
HEALTH CARE, and KIMBERLY CLARK,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding pro se, initiated this case on September 29, 2015, by filing a civil rights complaint, ECF No. 1,[1] and a motion for leave to proceed with in forma pauperis status (IFP), doc. 2. Plaintiff has recently filed a notice of change of address as well, ECF No. 4, revealing he has been transferred from Wakulla Correctional Institution to Suwannee Correctional Institution since initiating this case.

---

    [1] Each document filed in this case is now referenced "ECF No." (the Electronic Case File) followed by the document number.

Notably, Plaintiff initiated another civil rights case in this Court on August 4, 2015. In that case, case number 4:15cv390-RH/CAS, Plaintiff was denied in forma pauperis status because Plaintiff has three "strikes" under 28 U.S.C. § 1915(g) and the case was dismissed because he did not adequately allege he was in imminent danger of serious physical injury. ECF Nos. 4, 8-9. In Plaintiff's new complaint, ECF No. 1, Plaintiff notes that he has previously been held "subject to 'three strikes'" bar in this Court, but he "respectfully contests the third strikes [sic] and request[s] to proceed pursuant [to] the imminent danger and threat of future irreversible injury or death" exception. *Id.* at 4.

The complaint form solicits information about a litigant's prior cases. Plaintiff lists only three cases: case number 2:04cv14274, case number 4:14cv646, and case number 2:04cv14121. ECF No. 1 at 3-5. That is not a complete listing of his prior cases. Plaintiff could have at least provided the listing which was detailed in his prior case from this Court, case number 4:15cv390-RH/CAS, yet Plaintiff did not even list that case.

Plaintiff did list two prior cases which were filed in the United States District Court for the Southern District of Florida. *Id.* at 3,5. The last case he listed, case number 2:04cv14121, was filed on May 14, 2004, and dismissed for failure to state a claim upon which relief could be granted on August 30, 2004. *Id.* at 5. The first case listed, case number 2:04cv14274, was filed in October 20014 and dismissed on January 26, 2005, also for failure to state a claim upon which relief could be granted. *Id.* at 6. Plaintiff did not acknowledge that he also filed an appeal to the Eleventh Circuit Court of Appeals of the dismissal of case number 2:04cv14274. On August 15, 2005, the Eleventh Circuit

Court dismissed Plaintiff's appeal as frivolous. Doc. 35-1 of case number 2:04cv14274. Those three dismissals count as three "strikes."

Plaintiff is well aware that he has three strikes and was denied in forma pauperis status in this Court both in case number 4:14cv664-WS/CAS and in case number 4:15cv390-RH/CAS pursuant to § 1915(g). Despite his continued assertion challenging the three strikes determination, Plaintiff has not made any argument as to why the three strikes bar is not applicable to him.

Section 1915(g), enacted by the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under§ 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought *an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Plaintiff has three "strikes" under § 1915(g) and may proceed in this case without full payment of the fling fee at the time of case initiation if Plaintiff presents sufficient allegations in the complaint which reveal he is under imminent danger of serious physical injury.

In this case, it is clear that Plaintiff is not in imminent danger of harm because he has been transferred from Wakulla Correctional Institution and is no longer housed with two of the named Defendants: Coker and Nichols-Wimes. Plaintiff is not in physical contact with the third named Defendant either, Secretary Julie Jones, because the Secretary is not usually present at a particular Correctional Institution but, instead, works primarily from Central Office in Tallahassee.

Moreover, Plaintiff's complaint details events which transpired in October of 2014. Plaintiff's complaint is about past events and he presents no factual allegations concerning specific recent events, nor does he provide sufficient facts which show he is *now* in danger of physical harm.

Plaintiff has not shown he faces "imminent danger" of serious physical injury. Thus, because the § 1915(g) bar is applicable, Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, should be denied and this case should be dismissed. Dismissal should be without prejudice such that Plaintiff could file a new complaint in which he presents all of these same allegations, but he must pay the full $400.00 filing fee at the time of case initiation. Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2015.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**